IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| WILLIAM WITHFORD, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 15-cv-421-jdp |
| BEVERLY R. GILL, et al., | ) | |
| Defendants. | ) | |
| THE WISCONSIN ASSEMBLY DEMOCRATIC CAMPAIGN COMMITTEE | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-cv-763 |
| BEVERLY R. GILL, et al., | ) | |
| Defendants. | ) | |

**MOTION TO CONSOLIDATE**

Plaintiff, the Wisconsin Assembly Democratic Campaign Committee (the "Assembly Democrats"), hereby moves, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate the above captioned cases currently pending in the United States District Court for the Western District of Wisconsin. Both cases involve claims that the Wisconsin State Assembly district plan adopted in 2011 (Act 43, or the "Current Plan") is a partisan gerrymander that severely and unjustifiably burdens plaintiffs' associational rights and thus violates the First and Fourteenth Amendments of the United States Constitution. Both cases also name the same defendants and arise from the same facts: namely, the Current Plan's design, adoption, and effects on plaintiffs' associational rights. Plaintiffs in *Whitford v. Gill*, No. 15-cv-421-jdp, furthermore, consent to the

1

cases' consolidation. And counsel for the Defendants have authorized counsel for the ADCC to indicate to the Court that they do not oppose this motion to consolidate.

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate actions that "involve a common question of law or fact." Consolidation in these circumstances advances "the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Iked v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970). Consolidation, that is, "promote[s] the expeditious resolution of related claims," *Champ v. Siegel Trading Co.*, 55 F.3d 269, 274 (7th Cir. 1995), and "prevent[s] . . . unnecessary duplication of effort in related cases," *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir. 1994).

Consolidation is also common when different plaintiffs challenge the legality of the same district map. In earlier litigation over the Current Plan, in fact, the district court for the Eastern District of Wisconsin consolidated actions brought by a group of individual plaintiffs and by Voces de la Frontera. *See Baldus v. Brennan*, No. 11-CV-0562 (E.D. Wis. Nov. 22, 2011) (Docket # 55) ("[T]he Court feels comfortable not only in its assessment that it *may* consolidate these cases, but also in its determination that consolidation is the wisest course of action . . . ."). Similarly, in ongoing partisan gerrymandering litigation over North Carolina's congressional map, the district court for the Middle District of North Carolina consolidated a suit launched by Common Cause, the North Carolina Democratic Party, and certain individual plaintiffs with another suit mounted by the League of Women Voters and other individual plaintiffs. *See Common Cause v. Rucho*, No. 1:16-cv-01026-WO-JEP (M.D.N.C. Feb. 6, 2017) (Docket # 41).

Here, these considerations overwhelmingly support the consolidation of this case with the *Whitford* case. *First*, both cases include the same associational claim against the Current Plan: namely, that it breaches the First and Fourteenth Amendments by causing onerous and

2

unwarranted "difficulties" for plaintiffs in "fundraising, registering voters, attracting volunteers, generating support from independents, and recruiting candidates to run for office (not to mention eventually accomplishing their policy objectives)." *Gill v. Whitford*, 138 S. Ct. 1916, 1918 (2018) (Kagan, J., concurring). This is one of two counts alleged by the individual plaintiffs in *Whitford* (the other being intentional vote dilution in violation of the Fourteenth Amendment). The associational claim is also the only one raised by the Assembly Democrats in this action.

*Second*, the disposition of the associational claims in this case and *Whitford* rests on the same facts. These include: the partisan intent with which the Current Plan was enacted; the burdens the Plan imposes on Democratic voters and organizations seeking to perform their associational functions; and the extent to which these burdens could have been avoided by the adoption of a more balanced map. Given this overlapping—indeed, almost identical—evidence, it would waste limited judicial resources to try this case separately from *Whitford*. It would also create the possibility of different findings being made on essentially the same factual questions. *See Habitat Educ. Ctr. v. Kimbel*, 250 F.R.D. 390, 396 (E.D. Wis. 2008) ("Common questions should be answered consistently.").

*Third*, all of the parties in these actions, including the Assembly Democrats, the individual plaintiffs in *Whitford*, and the defendants, would be irreparably prejudiced by a denial of this motion. As noted above, these parties would face the risk of conflicting judgments in the absence of consolidation. The parties would also have to expend additional time, manpower, and funds to go through discovery and trial in two cases rather than one. And if one suit were resolved before the other, there could be a delay in implementing a remedy, potentially causing the 2020 election to be held using an unlawful Assembly map.

And *fourth,* the Assembly Democrats are prepared to participate in the case in accordance with the schedules set forth in the status report filed by the parties in *Whitford* (Docket # 198), as modified by the *Whitford* trial court in its order dated August 16, 2018 (Docket # 199).

For the foregoing reasons, consolidation is appropriate under the circumstances of these cases as it will not cause any inconvenience, confusion, or prejudice to any party, nor will it cause a delay in scheduled proceedings. Accordingly, the Court should grant the Assembly Democrats' motion (to which the *Whitford* plaintiffs consent and which Defendants will not oppose) to consolidate these two pending cases challenging the validity of the Current Plan.

Dated at Madison, Wisconsin, this 14th day of September, 2018.

By: _____/s/ Lester A. Pines_____.
Lester A. Pines, SBN 1016543
Pines Bach LLP
122 W. Washington Ave., Ste. 900
Madison, WI 53703
(608) 251-0101
lpines@pinesbach.com

Peter G. Earle, SBN 1012176
Law Office of Peter G. Earle, LLC
839 North Jefferson Street, Ste. 300
Milwaukee, WI 53202
(414) 276-1076
peter@earle-law.com

Nicholas O. Stephanopoulos
Professor of Law
University of Chicago Law School
1111 E. 60th St., Suite 510
Chicago, IL 60637
(773) 702-4226
nsteph@uchicago.edu
W.D. Wis. BN 4606588

*Attorneys for Plaintiff - The Wisconsin Assembly Democratic Campaign Committee*