IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE WISCONSIN ASSEMBLY DEMOCRATIC CAMPAIGN COMMITTEE,

Plaintiff,

v.

Case No. 18-CV-0763

BEVERLY R. GILL, JULIE M. GLANCEY, ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON, AND MARK L. THOMSEN,

Defendants.

---

**DEFENDANTS' ANSWER**

---

Defendants Beverly R. Gill, Julie M. Glancey, Ann S. Jacobs, Jodi Jensen, Dean Knudson, and Mark L. Thomsen, sued in their official capacity as members of the Wisconsin Elections Commission, by their undersigned counsel, respond as follows for their Answer to the Complaint.

**INTRODUCTION**

1. Defendants respond that paragraph 1 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Further, Defendants state that Justice Kagan's concurrence in *Gill v. Whitford*, 138 S. Ct. 1916 (2018) is not the law because

it did not achieve majority support of the Court. Instead, "the reasoning of [the *Gill*] Court with respect to the disposition of this case is set forth in [the majority] opinion and none other." *Id.* at 1931.

2. Defendants respond that the first sentence of paragraph 2 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants further deny that the district court's decision was "undisturbed by the Supreme Court" because the entire decision was vacated by the Supreme Court. *Gill v. Whitford*, 138 S. Ct. 1916, 1934 (2018). Defendants deny the remaining allegations in paragraph 2.

3. Defendants deny the allegations in the first three sentences of paragraph 3 of the complaint. Defendants lack knowledge or information to form a belief about the allegations in the fourth sentence of paragraph 3. Defendants deny the allegations in the last sentence of paragraph 3.

4. Defendants respond that paragraph 4 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required. For the reasons stated in paragraph 1 of this answer, Justice Kagan's concurrence in *Gill* is not the law.

## JURISDICTION AND VENUE

5. As to paragraph 5 of the complaint, Defendants admit that the statutes cited give this Court jurisdiction over this action if Plaintiff's claim is justiciable and if Plaintiff has standing.

6. As to paragraph 6 of the complaint, Defendants admit that a three-judge panel is appropriate for this case.

7. As to paragraph 7 of the complaint, Defendants admit that venue is proper in the Western District of Wisconsin.

## PARTIES

8. Defendants admit the first two sentences of paragraph 8 of the complaint. Defendants lack knowledge or information to form a belief about the allegations in the third sentence of paragraph 8.

9. Defendants lack knowledge or information to form a belief about the allegations in paragraph 9 of the complaint.

10. Defendants admit the allegations in paragraph 10 of the complaint.

## BACKGROUND

11. Defendants respond that the first sentence of paragraph 11 of the complaint states legal conclusions to which no response is required, but to the extent a response is required, Defendants state that the decision in *Whitford v. Gill*, 218 F. Supp. 3d 837 (W.D. Wis. 2016) was vacated by the Supreme

Court and deny the allegations. Defendants deny the allegations in the last sentence of paragraph 11.

12. Defendants admit that the Current Plan's drafters developed a composite partisan score and verified that the score correlated with a regression model developed by Professor Keith Gaddie. Defendants deny the remaining allegations in paragraph 12 of the complaint and further respond that the *Whitford* decision was vacated by the Supreme Court.

13. Defendants deny the allegations in paragraph 13 of the complaint and further respond that the *Whitford* decision was vacated by the Supreme Court.

14. Defendants admit that the drafters sent some draft plans to Professor Gaddie, who created "S" curves of the plans. Defendants deny the remaining allegations in paragraph 14 and further respond that the *Whitford* decision was vacated by the Supreme Court.

15. Defendants deny the allegations in the first and second sentences of paragraph 15 of the complaint. Defendants admit the allegations in the third and fourth sentences of paragraph 15, but further state that the document referenced labeled three seats as "GOP seats likely lost." Defendants further respond that the *Whitford* decision was vacated by the Supreme Court.

16. Defendants admit the allegations in paragraph 16 of the complaint. Defendants further respond that the *Whitford* decision was vacated by the Supreme Court.

17. Defendants admit that Tad Ottman prepared notes that said "The maps we pass will determine who's here 10 years from now" and "We have an opportunity and obligation to draw these maps that Republicans haven't had in decades." Defendants deny the remaining allegations in paragraph 17 and further respond that the *Whitford* decision was vacated by the Supreme Court.

18. Defendants respond that the first sentence of paragraph 18 of the complaint states legal conclusions to which no response is required, but to the extent a response is required Defendants state that the *Whitford* decision was vacated by the Supreme Court, and deny the allegations. Defendants deny the allegations in the second sentence of paragraph 18.

19. Defendants admit that Republican candidates won 60 seats in the 2012 general election, 63 seats in the 2014 general election, and 64 seats in the 2016 general election. Defendants deny the remaining allegations in paragraph 19 and further respond that the *Whitford* decision was vacated by the Supreme Court.

20. Defendants admit that Simon Jackman calculated Wisconsin's efficiency gap, using the simplified method, as -13.3% in 2012 and -9.6 in

2014. Defendants deny the remaining allegations in paragraph 20 and further respond that the *Whitford* decision was vacated by the Supreme Court.

21. Defendants deny the allegations in paragraph 21 of the complaint. Defendants further respond that the *Whitford* decision was vacated by the Supreme Court.

22. Defendants deny the allegations in paragraph 22 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required and state that the *Whitford* decision was vacated by the Supreme Court.

23. Defendants deny the allegations in paragraph 23 of the complaint and state that the *Whitford* decision was vacated by the Supreme Court.

24. Defendants deny the allegations in paragraph 24 of the complaint and state that the *Whitford* decision was vacated by the Supreme Court.

25. Defendants lack knowledge or information to form a belief about the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint.

27. Defendants lack knowledge or information to form a belief about the allegations in paragraph 27 of the complaint.

28. Defendants lack knowledge or information to form a belief about the allegations in paragraph 28 of the complaint.

29. Defendants lack knowledge or information to form a belief about the allegations in the first sentence in paragraph 29 of the complaint. Defendants lack knowledge or information to form a belief about the allegations in the second sentence of paragraph 29 because it compares cycles with five elections to a cycle that has had three elections with two more to come.

30. Defendants lack knowledge or information to form a belief about the allegations in paragraph 30 of the complaint.

31. Defendants deny the allegations in paragraph 31 of the complaint.

32. Defendants deny the allegations in paragraph 32 of the complaint. Defendants further state that control over re-districting in Wisconsin does not turn solely on which party controls the Assembly.

**COUNT I – BURDEN ON RIGHT TO ASSOCIATION**

33. Defendants incorporate and re-allege their responses to paragraphs 1–32 of the complaint.

34. Defendants respond that paragraph 34 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required. For the reasons stated in paragraph 1 of this complaint, Justice Kagan's concurrence in *Gill* is not the law.

35. Defendants respond that paragraph 35 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the

extent a response is required. For the reasons stated in paragraph 1 of this complaint, Justice Kagan's concurrence in *Gill* is not the law.

36. Defendants respond that paragraph 36 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

37. Defendants respond that the first sentence of paragraph 37 contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required. Defendants further deny that there is any "well-established framework" governing this case. Defendants deny the remaining allegations in paragraph 37.

38. Defendants respond that paragraph 38 of the complaint contains legal conclusions to which no response is required, but deny the allegations to the extent a response is required.

39. Defendants deny the allegations in paragraph 39 of the complaint.

**RELIEF REQUESTED**

Defendants deny that Plaintiff is entitled to any of the relief it seeks in paragraphs 40–44 of the complaint.

**DEFENSES**

1. Plaintiff fails to state a claim that is justiciable.

2. Plaintiff fails to state a claim on which relief can be granted.

WHEREFORE, Defendants request dismissal of this action in its entirety, together with such other relief as the Court deems equitable and just.

Dated this 5th of October, 2018.

Respectfully submitted,

BRAD D. SCHIMEL
Attorney General of Wisconsin

Electronically signed by:

s/ Brian P. Keenan
BRIAN P. KEENAN
Assistant Attorney General
State Bar #1056525

ANTHONY D. RUSSOMANNO
Assistant Attorney General
State Bar #1076050

KARLA KECKHAVER
Assistant Attorney General
State Bar #1028242

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-0020 (*AAG Keenan*)
(608) 267-2238 (*AAG Russomanno*)
(608) 264-6365 (*AAG Keckhaver*)
*keenanbp@doj.state.wi.us*
*russomannoad@doj.state.wi.us*
*keckhaverkz@doj.state.wi.us*
(608) 267-2223 (fax)