IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM WHITFORD, GRAHAM ADSIT,
ROGER ANCLAM, WARREN BRAUN,
HANS BREITENMOSER, JUDITH BREY,
BRENT BRIGSON, EMILY BUNTING,
SANDRA CARLSON-KAYE, GUY COSTELLO,
TIMOTHY B. DALEY, MARGARET LESLIE
DEMUTH, DANIEL DIETERICH, MARY LYNNE
DONOHUE, LEAH DUDLEY, JENNIFER ESTRADA,
BARBARA FLOM, HELEN HARRIS,
GAIL HOHENSTEIN, WAYNE JENSEN,
WENDY SUE JOHNSON, MICHAEL LECKER,
ELIZABETH LENTINI, NORAH MCCUE,
JANET MITCHELL, DEBORAH PATEL,
JANE PEDERSEN, NANCY PETULLA,
ROBERT PFUNDHELLER, SARA RAMAKER,
ROSALIE SCHNICK, ALLISON SEATON,
JAMES SEATON, ANN E. STEVNING-ROE,
LINEA SUNDSTROM, MICHAEL SWITZENBAUM,            OPINION and ORDER
JEROME WALLACE, DONALD WINTER,
EDWARD WOHL, and ANN WOLFE,                           15-cv-421-jdp

                  Plaintiffs,

   v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,
STEVE KING, DON MILLS, and
MARK L. THOMSEN,

                  Defendants,

   and

THE WISCONSIN STATE ASSEMBLY,

                  Intervenor-Defendant.

---

THE WISCONSIN ASSEMBLY DEMOCRATIC
CAMPAIGN COMMITTEE,

        Plaintiff,
v.

BEVERLY R. GILL, JULIE M. GLANCEY,
ANN S. JACOBS, JODI JENSEN, DEAN KNUDSON,    OPINION and ORDER
and MARK L. THOMSEN,

                                                                                                 18-cv-763-jdp

        Defendants,

  and

THE WISCONSIN STATE ASSEMBLY,

        Intervenor-Defendant.

---

The question before the court is whether these consolidated cases should be stayed pending resolution of *Rucho v. Common Cause*, No. 18-422 (U.S.), and *Lamone v. Benisek*, No. 18-726 (U.S.), two other cases raising partisan gerrymandering claims that are now before the Supreme Court. Intervenor-Defendant Wisconsin State Assembly favors a stay, contending that *Rucho* and *Lamone* are likely either to provide a new legal standard for partisan gerrymandering claims or to hold that such claims are not justiciable. Dkt. 230.[1] Either way, the Assembly says, allowing these cases to proceed before the Supreme Court decisions would waste the resources of the court and the parties. Plaintiffs object to a stay, contending that a significant delay will prevent them from obtaining relief on their claims before the 2020 elections. The other defendants take no position on the question.

Both the Assembly and plaintiffs raise important considerations. For reasons explained below, the court will take a middle path intended to minimize the waste of resources while

---

[1] Docket entries are to Case No. 15-cv-421-jdp.

keeping the case on track for reasonably prompt resolution. The court will allow discovery to proceed as scheduled, but it will delay the trial and any decision on the merits until after the Supreme Court decides *Rucho* and *Lamone*.

ANALYSIS

The court has discretion to stay proceedings for the sake of judicial economy, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), including when there are parallel proceedings that could resolve important issues in the case. *E.g.*, *Texas Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005); *Ingersoll Milling Mach. Co. v. Granger*, 833 F.2d 680, 686 (7th Cir. 1987). In considering a motion to stay, the court must weigh the costs and benefits to each side. *Radio Corp. of Am. v. Igoe*, 217 F.2d 218, 220 (7th Cir. 1954); *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010).

*Rucho* and *Lamone* have important implications for our cases, which require this court to resolve four main issues: (1) whether partisan gerrymandering claims are justiciable; (2) whether any of the plaintiffs have standing to sue; (3) whether the legislative maps at issue in these cases violate the First Amendment; and (4) whether the maps violate the Fourteenth Amendment. *Rucho* and *Lamone* present these issues as well. *Rucho* and *Lamone* will likely be decided toward the end of the current Supreme Court term, in June 2019, after the currently scheduled trial and post-trial briefing in our cases.

As the parties know well, this court cannot simply apply well-established principles to a new set of facts in deciding these cases. The Supreme Court has not yet provided a standard for determining whether a partisan gerrymander violates the First or Fourteenth Amendment or even determined whether such claims are justiciable. If the Court determines that partisan

3

gerrymandering claims are not justiciable, these cases will have to be dismissed. If the Court articulates a standard for evaluating partisan gerrymandering claims that departs from any standard applied by this court, then a new trial under the correct standard may be necessary. Either way, holding a trial and taking full briefing in these cases before the Supreme Court decides *Rucho* and *Lamone* would almost certainly lead to a significant waste of resources for the parties and the court.

Plaintiffs' concerns about timing are valid, but allowing these cases to go forward without taking consideration of *Rucho* and *Lamone* would not necessarily mean that plaintiffs could obtain a ruling from the Supreme Court any faster. Even assuming that the Supreme Court concludes that partisan gerrymandering claims are justiciable, it will not help the plaintiffs if this court has to retry the cases under a new standard.

The court is persuaded that judicial economy and the balance of equities favor delaying the trial and any decision on the merits until the Supreme Court decides *Rucho* and *Lamone*. But to avoid any unnecessary delay once that happens, this court will allow discovery to proceed in the meantime. Most of that discovery should be relevant regardless of any new standard announced by the Supreme Court. Although the experts may need to update their reports, the court will give the parties an opportunity to do that before trial as necessary.

It is true that should the Supreme Court determine that partisan gerrymandering claims are not justiciable, the parties' work will have been for naught. But the court must weigh the interests of both sides. Staying all proceedings until the Supreme Court decides *Rucho* and *Lamone* would significantly delay this court's resolution of these cases, thereby increasing the risk of prejudice to plaintiffs. By allowing discovery to proceed while staying the trial, the court

hopes to minimize any wasted effort while still allowing the parties to obtain timely Supreme Court review.

A trial beginning on July 22, 2019, would allow the parties to update their expert reports and prepare for trial under the new law. A compressed post-trial briefing schedule would allow the case to be under advisement to this court by early September, and the court will commit to decide the cases as promptly as possible in light of the complexities of the dispute.

Such a schedule would impose only modest delay. Plaintiffs acknowledge that this court could not issue a decision on the merits until the Supreme Court decides *Rucho* and *Lamone* and that, at a minimum, supplemental briefing would be required. Dkt. 239, at 5. So even under plaintiffs' best-case scenario, the case would not be under advisement until late July at the earliest. It makes little sense to expend the additional resources necessary for an early trial for such a small time savings, particularly when the chances of retrial are so significant.

So the court will grant the Assembly's motion in part and deny it in part. The court will hold a telephone conference with the parties to give them an opportunity to provide input on the proposed July 22 trial date, deadlines for updated expert reports, and a post-trial briefing schedule.

One final point. At the Assembly's request, the court has delayed further briefing on the Assembly's motions to dismiss both cases pending a decision on the Assembly's motion to stay. Dkt. 235. Now that the court has agreed to stay a decision on the merits pending decisions in *Rucho* and *Lamone,* the court will deny the motions to dismiss without prejudice to the Assembly's renewing its motions after the Supreme Court decides those cases.

5

ORDER

IT IS ORDERED that:

1. The Wisconsin State Assembly's motion to stay, Dkt. 230, is GRANTED in part and DENIED in part. The court will allow discovery to proceed but will postpone the trial and a decision on the merits until after the Supreme Court decides *Rucho v. Common Cause*, No. 18-422 (U.S.), and *Lamone v. Benisek*, No. 18-726 (U.S.).

2. The Assembly's motions to dismiss, Dkt. 224 (in Case No. 15-cv-421-jdp) and Dkt. 27 (in Case No. 18-cv-763-jdp), are DENIED without prejudice pending resolution of *Rucho* and *Lamone*.

3. The clerk of court is directed to set a telephone conference with the parties to determine a new trial date and related deadlines.

Entered January 23, 2019.

BY THE COURT:

_/s/_____
WILLIAM C. GRIESBACH
District Judge

_/s/_____
JAMES D. PETERSON
District Judge


Judge Ripple respectfully dissents from the part of the order that grants the motion to stay the trial.

_/s/_____
KENNETH F. RIPPLE
Circuit Judge